## CIRCUIT COURT OF THE CITY OF RICHMOND

First & Merchants Nat. Bank,
Exor. of Mary Virginia Hughes, decd.

v.

Raymond L. Hughes et al.

Thomas M. Hughes

v.

First & Merchants Nat.
Bank, etc., et al.

January 18, 1980

Cases No. G-1630-3 and G-1631-3

By JUDGE WILLARD I. WALKER

The first case is a suit for aid and guidance brought by First & Merchants National Bank as executor under the will of Mary Virginia Hughes, deceased. The case is now before the court upon defendants' exceptions to the report of the Commissioner in Chancery.

The Commissioner, after hearing testimony, ruled that the illegitimate children of William S. Hughes were intended to constitute, along with the children of Puller S. Hughes, the class designated "nephews and nieces" under Article Five of this will. I find that sufficient evidence exists to support this conclusion.

It is the contention of defendants that the admissible evidence was not sufficient to establish the testatrix's clear and unambiguous intent and, thereby, outweigh the judicial presumption that the words "nephews and nieces" include only legitimate nephews and nieces.

In the construction of wills, the intention of the testator controls. Where evidence exists to demonstrate the testator's prior intent when using specific terms, that evidence must guide the court when ascribing meaning to those words.

The testatrix, Mary Virginia Hughes, took affirmative measures to foster a familial relationship, in spirit, if not in fact, between herself and the children of William S. Hughes. In her letters to these children, she continually referred to herself as "Aunt Mary." Testimony before the Commissioner revealed the children, in turn, always called her "Aunt Mary," with no apparent objection on her part. This court must ascribe a meaning to "nephews and nieces" consistent with that deliberately perpetrated by testatrix herself during her lifetime, unless expressly indicated otherwise by language in the will.

Counsel for defendants argues that the letters are hearsay and, therefore, not admissible. Out-of-court statements by a declarant may serve as circumstantial evidence to show the declarant's state of mind. As such, they are not hearsay because they are not being offered to show the truth of the matter therein.

The terminology used in the will supports the interpretation of this court. Mary Virginia Hughes did not use "lawful" or "legitimate" to characterize "nephews and nieces"; she did use "lawful," however, to describe the "then lawful issue, collectively, of each niece or nephew of mine who predeceases me." She could have unequivocally limited the class in the first instance, as she had in the latter, if she so intended. Her failure to do so must be interpreted as a manifestation of her intention not to so limit "nephews and nieces" to only those children of her brothers who were legitimate.

If I were to find it necessary to indulge in judicial presumptions, I would reject the presumption that "nephews and nieces" includes only legitimate children of a brother or sister. This anachronistic rule, admittedly based on precedent, is not supported by current societal attitudes, nor by the continuing legislative concern for the legal status of the illegitimate, as evidenced in recent statutes. The legislature has slowly, and piecemeal, chipped away at the common law notion that an illegitimate child is *"nullius filius,"* i.e., a child of nobody, thus without legal status.

Most significant to the instant case is Va. Code Ann. § 64.1-71.1 (Cum. Supp. 1977). It provides:

> In the interpretation of wills and trusts. . . persons born out of wedlock are included in class gift terminology and terms of relationship in accordance with rules for determining relationships for purposes of intestate succession unless a contrary intent shall appear on the face of the will or trust.

Had Mary Virginia Hughes died subsequent to July 1, 1978, there would be no question, under § 64.1-71.1, but that the illegitimate children of William S. Hughes would have taken under this will. This statute need not be applied retroactively for this court to achieve the same equitable result. A judicial presumption retains its vitality only so long as it is deemed valid by the court. As noted above, however, it is not necessary to apply a presumption in the instant case; the evidence demonstrates the testatrix's clear intent.

In conclusion, I hold that sufficient evidence exists. to support the Commissioner's ruling that the class designated "nephews and nieces" under Article Five of said will was intended to include the illegitimate children of William S. Hughes, as well as the legitimate children of Puller S. Hughes.

Therefore, the exceptions filed to the report of the Commissioner in Chancery are overruled and the report of the Commissioner in Chancery confirmed.